## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GEORGE PROBY, JR., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1620-JAR |
| ) | |
| TERRY RUSSELL, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of George Proby, Jr. (registration no. 1237464), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.74. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the portions of the complaint that state claims upon which relief can be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $31.58, and an average monthly balance of $78.74. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.74, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950–51.

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951–52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants are officials of the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), the Jefferson City Correctional Center ("JCCC"), and the Missouri Department of Corrections. Named as defendants are T. Russell (Warden, ERDCC); J. Wilson (Deputy Warden, ERDCC); Butterworth (Functional Unit Manager, ERDCC, employee number 36330); J. Wallen (Correctional Officer, ERDCC); F. Nelson (Correctional Officer, ERDCC); P. Jones (Correctional Officer, ERDCC); J. Elless (Correctional Officer, ERDCC); J. Nicholson (Investigator, ERDCC); J. Cassady (Warden, JCCC); P. Gore (Functional Unit Manager, JCCC); G. Humphrey (Functional Unit Manager, JCCC); E. Ruppel (Case Manager, JCCC); S. Kintner (Case Manager, JCCC); B. Schmultz (Case Manager, JCCC); N. Obi (Case Manager, JCCC); C. Marks (Librarian, JCCC);

D. Hall (Correctional Officer, JCCC); J. White (Supervisor of Mental Health, JCCC); and A. Earls (Director, Missouri Department of Corrections).

Plaintiff alleges that he was assaulted by another inmate at JCCC on October 17, 2012. According to plaintiff, following the assault, defendant Nelson falsely alleged that plaintiff kicked him in the head during the ensuing struggle, and defendant Elless falsely alleged that plaintiff kicked the other inmate in the head. Plaintiff asserts that these allegedly false allegations were included in reports prepared, or contributed to, by defendants Nelson, Elless, Jones, and Nicholson.

According to plaintiff, defendant Butterworth held a disciplinary hearing without plaintiff's knowledge, which resulted in plaintiff's placement in solitary confinement in a Special Housing Unit ("SHU"). Plaintiff claims that defendant Butterworth intentionally concealed exculpatory video and documentary evidence. Plaintiff alleges that defendants Wilson, Russell, and Wallen participated in the decision to conceal the allegedly exculpatory evidence, and that Wilson and Russell approved Butterworth's decision to place plaintiff in the SHU.

Plaintiff asserts that he was transferred to JCCC on November 6, 2012, and placed in the SHU on November 8, 2012. According to plaintiff, defendant Nicholson interviewed him at JCCC on February 19, 2013, and informed plaintiff that there was no video footage of the October 17, 2012 incident. Several internal documents generated by defendants indicate that video footage did in fact exist.

On February 12, 2013, plaintiff was formally charged with a felony for "violence to an employee of DOC or to an inmate by an inmate." Plaintiff claims that, pursuant to his discovery request, he was provided with exculpatory video and documentary evidence of the October 17, 2012 incident. A jury trial was held on October 22, 2013, and plaintiff was found not guilty of

the charges. Plaintiff asserts that his acquittal was based on the exculpatory video and documentary evidence.

According to plaintiff, he is still being held in solitary confinement in the SHU in JCCC. Plaintiff alleges that defendants Earls, Gore, Humphrey, Ruppel, Cassady, Schmultz, and Kintner have all sat on the classification committee charged with reviewing plaintiff's confinement in the SHU and have refused to review the allegedly exculpatory video evidence or to release plaintiff from solitary confinement.

Plaintiff alleges that he was placed in solitary confinement without due process as a result of the assault, subsequent false reports, and defendants' concealment of exonerating documentary and video evidence. Further, plaintiff alleges that individual defendants retaliated against him, were deliberately indifferent to his mental health needs, interfered with his access to court, and violated his Eighth Amendment rights.

## Discussion

After carefully reviewing the complaint, the Court finds that plaintiff's claims against defendants Russell, Wilson, Butterwoth, Wallen, Nelson, Jones, Elless, Nicholson, Cassady, Gore, Humphrey, Ruppel, Kintner, Schmultz, Obi, Hall, and Earls, in their individual capacities, survive review under 28 U.S.C. § 1915(e). As a result, the Court will direct the Clerk to serve process on these defendants. However, the Court will dismiss the Complaint under § 1915(e) as to defendants White and Marks.

**A.     Procedural Due Process**

Plaintiff has alleged sufficient facts against defendants Nelson, Jones, Elless, Nicholson, Butterworth, Wilson, Russell, Wallen, Earls, Gore, Humphrey, Ruppel, Cassady, Schmultz, and Kintner, in their individual capacities, to state a procedural due process claim. For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant

hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff has alleged that he has been prohibited from having any personal property, or privileges enjoyed by other inmates in administrative segregation and general population, such as access to recreational activities. Further, he alleges that he has no real human contact, and that he is locked in his cell twenty-four hours a day with bright lights shining. He alleges that he has been so confined for nearly two years. These allegations, taken together, are sufficient to establish "atypical and significant hardship," or, stated differently, "conditions [that] give rise to a liberty interest in their avoidance." See Wilkinson v. Austin, 545 U.S. 209, 223–24 (2005). Accordingly, because plaintiff has sufficiently alleged the deprivation of a liberty interest, and has alleged that he was not given notice or the opportunity to be heard, plaintiff has stated a procedural due process claim. See id. at 229 (citing Hewitt v. Helms, 459 U.S. 460, 473–76 (1983)).

**B.     Retaliation**

Plaintiff has also alleged a First Amendment relation claim against defendants Cassady, Hall, and Obi. To succeed on his retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004), cert. denied, 546 U.S. 860 (2005). Plaintiff asserts that these defendant retaliated against him for preparing this action and utilizing the grievance process by harassing him, tampering with his mail, and destroying his mail. These allegations are sufficient to state a claim for retaliation against defendants Cassady, Hall and Obi.

**C.     Deliberate Indifference to Mental Health Needs**

Additionally, plaintiff has alleged a claim against defendant White for deliberate indifference to his mental health needs in violation of the Eighth Amendment. To state a claim

for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff asserts that defendant White, as the Supervisor of the Mental Health at JCCC, intentionally denied him mental health counseling and treatment by ignoring his requests, despite the fact that he has been in solitary confinement for nearly two years. However, plaintiff has failed to assert an objectively serious medical need, instead only broadly alleging that he is mentally disabled and his condition has worsened. Thus, plaintiff has failed to state a claim for deliberate indifference against defendant White.

**D.     Access to Court**

Plaintiff alleges that defendants Obi, Marks, and Hall have impeded his access to courts. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff received a letter from defendant Marks on August 26, 2014, informing him that his "Qualified Legal Claim" ended on August 20, 2014, and that he could not receive legal materials until he has an active "Qualified Legal Claim." [ECF. NO. 5-2 at 1]. Presumably, the Court's granting of plaintiff's motion to proceed in forma pauperis in this matter, as well as in Proby v. Bullock, 4:14-CV-1355-HEA (E.D. Mo.), will constitute "Qualified Legal Claims," which will allow plaintiff access to legal materials. Thus, plaintiff has not alleged facts demonstrating that he has suffered prejudice to a pending or contemplated legal claim and, therefore, has failed to state an access to courts claim. See Lewis v. Casey, 518 U.S.

343, 349–55 (1996). For the same reason, the Court will deny plaintiff's request for the Court to enter an order to show cause why it should not issue a preliminary injunction and a temporary restraining order with regard to his access to courts claims.

### E. Eighth Amendment Claims

Plaintiff's conclusory claims for violations of his Eighth Amendment rights are also subject to dismissal. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that the defendants were deliberately indifferent to excessive risk to his health or safety. *See, e.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Plaintiff has made no such allegations here.

### F. Official Capacity

Finally, plaintiff's claims against defendants in their official capacities do not state a claim for relief. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for an order to show cause for a preliminary injunction and a temporary restraining order [ECF No. 5] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.74 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall otherwise issue process or cause process to issue upon the complaint as to defendants Russell, Wilson, Butterwoth, Wallen, Nelson, Jones, Elless, Nicholson, Cassady, Gore, Humphrey, Ruppel, Kintner, Schmultz, Obi, Hall, and Earls in their individual capacities.  Defendants shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Russell, Wilson, Butterwoth, Wallen, Nelson, Jones, Elless, Nicholson, Cassady, Gore, Humphrey, Ruppel, Kintner, Schmultz, Obi, Hall, and Earls shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Marks and White are subject to dismissal because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims for access to courts are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims for purported unlawful conditions of confinement under the Eighth Amendment are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of October, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE