UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE PROBY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-1620-JAR |
| | ) |
| TERRY RUSSELL, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court are plaintiff's motion for appointment of counsel [Doc. #17] and motion for preliminary injunction and temporary restraining order [Doc. #23]. For the following reasons, the Court will deny both motions.

I. Motion for Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff summarily claims that this case is complex, he has little knowledge of the law, and his imprisonment will "greatly limit his ability to litigate." This Court, however, has previously stated that this case is neither factually nor legally complex, and it is evident that plaintiff is able to present his claims, because the Court has ordered defendants to respond to his claims [Doc. #6]. Consequently, plaintiff's motion for counsel will be denied at this time.

II. Motion for Injunctive Relief

In his motion for injunctive relief, plaintiff requests that the Court enjoin defendants Jay Cassady, Scott Kintner, Paul Gore, and Brian Schmultz from "blocking the preparation and filing of legal documents, hindering the discovery process, holding incoming and outgoing legal mail . . . [and conducting] cell searches and body cavity checks." Plaintiff claims that defendants are trying to make him appear violent and will "break the laws just to make the Courts believe that [he] deserved to be confined in a special housing unit." Plaintiff further claims that he has "no chance for justice" if defendants are allowed to falsify documents and file false charges against him. Last, plaintiff alleges that "[a]ll efforts are being made by . . . defendants to block [him] and impede [him from] proceeding in court."

Defendants Terry Russell, Alan Butterworth, Jim Wallen, Frederick Nelson, Patricia Jones, Jeremy Elless, James Nicholson, Jay Cassady, Paul Gore, Grace Humphrey, Edward Ruppell, Scott Kintner, Brian Schmultz, Noel Maduka Obi, Alan Earls, and Jason Lewis have filed a response to plaintiff's motion, arguing that injunctive relief should be denied [Doc. #29]. Defendants assert that plaintiff's broad-sweeping arguments lack factual support and that plaintiff has failed to set forth any evidence warranting injunctive relief based on a constitutional violation.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Id.*

The Court finds that plaintiff has failed to demonstrate he is subject to irreparable harm. Indeed, the Court's records indicate that plaintiff has filed

numerous motions for appointment of counsel, temporary restraining order, and an extension of time [Docs. #4, #5 and #10]. In addition, he has mailed correspondence to the clerk [Docs. #15 and #16], as well as the instant motion.

Furthermore, despite plaintiff's claim that the discovery process has been hampered, the Court notes that it has not yet entered a Case Management Order, and therefore, discovery has not yet commenced. Plaintiff's vague speculations that harm may occur are no more than conjectures about the mere possibility of danger and fail to support his motion for injunctive relief. Similarly, plaintiff does not complain of mail specifically held, or of a missed deadline or resulting injury from defendants allegedly holding his legal mail.

Last, public interest does not support granting injunctive relief at this time. The Court does not lightly intrude on the state's administration of its prisons or setting prison policies. Granting plaintiff's requested relief, without more, would harm defendants' ability to continue carrying out their day-to-day responsibilities in running the prison. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983). For these reasons, plaintiff's motion for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel [Doc. #17] and motion for preliminary injunction and temporary restraining order [Doc. #23] are **DENIED**, without prejudice.

Dated this 18th day of February, 2015.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**