UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PROBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-1620-JAR |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff George Proby, Jr.'s ("Proby") motion for summary judgment. (Doc. No. 37.) Proby is a Missouri inmate, and initiated this action *pro se* against a multitude of prison officials. Proby alleges that Defendants violated his constitutional rights related to his placement and retention in administrative segregation. He moves for summary judgment against all named Defendants except Noel Obi and Bradley Hall. For the reasons set forth below, Plaintiff's motion for summary judgment will be denied.

## BACKGROUND

Proby is currently incarcerated at Jefferson City Correctional Center ("JCCC"), a Missouri Department of Corrections ("DOC") facility located in Jefferson City, Missouri. On October 17, 2012, Proby was incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), a DOC facility in Bowling Green, Missouri. The individual Defendants in this case were and are employees of DOC who held various positions at the two facilities.

According to the complaint, on October 17, 2012, Proby was involved in an incident in the ERDCC mess hall wherein he allegedly engaged in a fight with another inmate. Defendants Frederick Nelson and Patricia Jones were the first officers to respond to the fight. Nelson

alleged that he was kicked in the head by Proby. The record establishes that following the incident in the mess hall, Proby was transferred to JCCC, assigned to administrative segregation, and received three conduct violations for assaulting another offender and for assaulting a corrections officer. Proby originally filed administrative complaints, but apparently abandoned them at the grievance stage, though this is the subject of some dispute between the parties. Proby received numerous classification hearings which would have allowed him to advance through several "phases" of JCCC's program by which inmates are afforded more privileges, including in November and December 2012, and February, May, July, September, and December 2013. Due to conduct violations, Proby progressed slowly through the phase system, and was not ultimately promoted to the next phase until December 2013. Proby alleges that he was denied the right to a hearing following the initial mess hall incident and before being transferred to administrative segregation. He moves for summary judgment based on this purported "denial to the plaintiff of due process of law." (Doc. No. 37.)

## DISCUSSION

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In determining whether summary judgment is appropriate in a particular case, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Benford v. Correctional Med. Servs., 2012 WL 3871948, at *4 (E.D.Mo. Sept. 6, 2012) (citing Celotex Corp., 477 U.S. at 331). The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. (citing Anderson, 477 U.S. at 249). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)).

**Analysis**

Proby's sole argument for summary judgment is that he was not given a fair disciplinary hearing prior to his transfer to a new prison and administrative segregation, which denied him due process of law. Proby has submitted a statement of undisputed facts, but he fails to cite to the record for the facts he asserts, as required by Local Rule 7-4.01(E). Defendants dispute major portions of Proby's factual allegations, and Proby has not submitted uncontroverted evidence of his allegations into the record. For example, Proby alleges in his statement of facts that "Plaintiff was found guilty, without a disciplinary hearing, or no [sic] evidence submitted to support either charge that [Defendants] filed against Plaintiff." (Doc. No. 40 at 4.) This fact is critical to Proby's sole argument in his motion for summary judgment. But Defendants controvert this fact; they state that "[t]he Disciplinary Action Reports indicate that Plaintiff had an opportunity to be heard, but refused to sign a waiver of rights in order to make a statement." (Doc. No. 48 at 4.) At least some evidence in the record supports Defendants' position. See, e.g., Doc. No. 68-13 at 199, 203 (evidence appearing to support that Proby refused to offer

testimony at a hearing prior to the imposition of discipline); Doc. No. 68-3 (affidavit of Defendant Alan Butterworth).

A claim premised on the denial of due process first requires a plaintiff to demonstrate that he was deprived of a liberty interest. Proby alleges he was deprived of a liberty interest by being assigned to administrative segregation without a fair hearing and in violation of his due process rights. Without addressing the matter of whether the facts, as Proby has presented them, would entitle Proby to relief, the Court finds that Proby has failed to adduce uncontroverted evidence that he was denied a fair hearing. Thus, construing the facts in favor of Defendants, the nonmoving party, Proby's motion for summary judgment fails.

Because the initial burden is placed on the moving party, and Plaintiff's motion for summary judgment does not establish the non-existence of any genuine issue of material fact, it is therefore properly denied. See <u>City of Mt. Pleasant</u>, 838 F.2d at 273 (holding that the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor).

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 37) is **DENIED**.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2016.

4