UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PROBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-1620 |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on four motions: Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 84), Plaintiff's Second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 90), Plaintiff's Motion to Reopen Case and Add Defendant Brian Schmultz (Doc. No. 91), and Plaintiff's renewed motion for the appointment of counsel (Doc. No. 92). The Court will address these motions in turn.

*Motions for Temporary Injunction*

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 84) alleges that his legal mail is being destroyed and opened outside his presence; that his access to the law library and legal materials has been curtailed; and that his personal funds have been blocked and/or frozen. Plaintiff's Second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 90) reiterates these claims.

"A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Moreover, "whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant;

1

(2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (citation and quotation marks omitted). Preliminary relief is intended to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose, 42 F.3d at 471. "In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff, 60 F.3d at 520.

Plaintiff is not entitled to injunctive relief because he has not proffered evidence that his alleged grievances include a threat of irreparable harm. Indeed, the Court's records indicate that Plaintiff has filed numerous motions with the Court, and has sent correspondence to the clerk, suggesting that his mail is not being destroyed and that no irreparable harm is occurring. Similarly, Plaintiff's claim that he is being denied access to legal materials is undermined by his consistently demonstrated ability to submit pleadings to the Court that include citation to legal authority.

Public interest also does not support injunctive relief at this time. As it has explained in a previous order, the Court does not lightly intrude on the state's administration of its prisons. Granting Plaintiff's requested relief, without more evidentiary support, would harm Defendants' ability to continue carrying out their day-to-day responsibilities in running the prison. See Hewitt v. Helms, 459 U.S. 460, 467 (1983).

Thus, a preliminary injunction is not warranted. Instead, Plaintiff's complaints could be handled through the prison's internal grievance system; it appears Plaintiff has failed to exhaust that remedy. Alternatively, if Plaintiff feels these grievances are sufficient to constitute a new

legal action, he may file them as such.  But Plaintiff's allegations are unsupported by evidence of irreparable harm and are attenuated from the claims asserted in Plaintiff's complaint, and a temporary restraining order or preliminary injunction is not favored by the public interest.  For all of these reasons, both motions will be denied.

*Motion to Add Defendant*

Next, the Court considers Plaintiff's Motion to Reopen Case and Add Defendant Brian Schmultz (Doc. No. 91).  Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to join a person as a defendant if the liability between the new and existing defendants would be joint, several, or in the alternative, if the plaintiff's rights to relief against the new defendant "aris[es] out of the same transaction . . . and if any question of law or fact common to all defendants will arise in the action."  "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment—leave to amend should be granted."  Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff recently moved to dismiss Brian Schmultz as a defendant.  (Doc. No. 76.)  Now Plaintiff seeks to add Brian Schmultz back to the lawsuit.  In his accompanying memorandum, Plaintiff argues that Schmultz should be added back to the lawsuit because of retaliatory actions allegedly taken by Schmultz *since* his dismissal from the suit.  Thus, it does not follow that Plaintiff's grievances with Schmultz arise out of the same transaction as the rest of his lawsuit, which is largely focused on Defendants' purported denial of Plaintiff's due process rights during several prison discipline incidents.

Plaintiff is free to assert any claims rooted in transactions occurring after Schmultz's dismissal from the instant suit in a separate legal action. However, Plaintiff asserts no legitimate basis for adding Schmultz to this lawsuit. Therefore, Plaintiff's Motion to Add Defendant Brian Schmultz will also be denied.

*Motion for Appointment of Counsel*

Finally, Plaintiff again moves for the appointment of counsel. As the Court has previously explained, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Id.

Just as it has previously explained, the Court determines that this case is neither factually nor legally complex. Moreover, Plaintiff's ongoing filings with the Court, including his own affirmative motions, as well as his responses to opposing counsel's motions, indicate that Plaintiff is able to adequately present his claims. Consequently, Plaintiff's motion for counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 84) and Plaintiff's Second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 90) are both **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Case and Add Defendant Brian Schmultz (Doc. No. 91) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's renewed Motion for Appointment of Counsel (Doc. No. 92) is **DENIED**.

_[signature]_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of March, 2016.